**In re VARIOUS GRAND JURY SUBPOENAS,**

United States of America,
Movant–Appellee,

v.

Subject A, Subject D, Respondents–
Appellants,

Subject B, Subject C, Subject
E, Respondents.

Nos. 13–1644–cv(L),[1] 13–1716–cv,
13–1794–cv, 13–1896–cv.

United States Court of Appeals,
Second Circuit.

Oct. 1, 2014.

Richard A. Levine, Roberts & Holland LLP, New York, NY, for appellant, Subject A.

David A. Katz, Katz & Associates, Beverly Hills, CA, for appellant, Subject D.

Jason H. Cowley (Michael A. Levy, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

PRESENT: REENA RAGGI, PETER W. HALL, and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Subjects A and D appeal from an order holding them in civil contempt for failing to comply with an earlier order compelling compliance with a grand jury subpoena. Appellants argue that they cannot be compelled to comply with a subpoena that would violate their Fifth Amendment right against self-incrimination. "We review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." *Southern New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir.2010) (internal quotation marks omitted). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

This appeal arises in the context of a grand jury investigation into the maintenance of undeclared overseas accounts in violation of the Bank Secrecy Act of 1970 ("BSA"), *see* 31 U.S.C. § 5311 *et seq.* Pursuant thereto, appellants were subpoenaed to produce records required to be maintained pursuant to 31 C.F.R. § 1010.420, a regulation implementing the BSA. Appellants argue that producing the requested records would be tantamount to admitting past failures to disclose the existence of overseas accounts in violation of BSA.

As appellants acknowledge, this court recently rejected this precise argument in *In re Grand Jury Subpoena Dated Feb. 2, 2012*, 741 F.3d 339 (2d Cir.2013). There, we held that the required records doctrine still operates as an exception to the Fifth Amendment privilege against self-incrimination. *See id.* at 346–47. Further, citing *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), we held that records kept pursuant to 31 C.F.R. § 1010.420 constitute required records because they are "essentially regulatory," are "customarily kept," and "have assumed public aspects which render them at least

1. Appeal number 13–1644 was closed by order dated March 19, 2014. Appeal 13–1794 was closed by order dated March 21, 2014.

analogous to public documents." *In re Grand Jury Subpoena Dated Feb. 2, 2012,* 741 F.3d at 347–52 (internal quotation marks omitted).

Appellants do not dispute that the holding in *In re Grand Jury Subpoena Dated Feb. 2, 2012* applies to this case; instead, they argue that *In re Grand Jury Subpoena Dated Feb. 2, 2012* was incorrectly decided. As appellants recognize, however, "a panel of this Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.,* 753 F.3d 395, 405 (2d Cir.2014) (internal quotation marks omitted).[2] Accordingly, we are obliged to give *In re Grand Jury Subpoena Dated Feb. 2, 2012* controlling effect and to conclude that it defeats appellants' Fifth Amendment challenge to the order compelling them to produce § 1010.420 required records.

Appellants separately argue that insofar as the subpoena requests records "including but not limited to records required to be maintained pursuant to 31 C.F.R. § 1010.420," J.A. 14, it reaches beyond the required records doctrine. The government responds that it did not seek to compel production of materials reaching beyond those whose maintenance is required by the BSA, nor did the district court order any broader production. We agree. The district court's order compelling production and its subsequent contempt order pertain only to records required to be maintained under the BSA.

We have considered appellants' remaining arguments and conclude that they are without merit. We therefore AFFIRM the order of the district court.

---

2. Recognizing the effect of *In re Grand Jury Subpoena Dated Feb. 2, 2012,* appellants petitioned for initial hearing *en banc.* This motion was denied by the court on June 23, 2014.